## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARLUS REQUE, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | No. |
|  | ) | |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
|  | ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes the Plaintiff, MARLUS REQUE, by his attorneys, DEBOFSKY SHERMAN CASCIARI REYNOLDS P.C., and complaining against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, he states:

### *Jurisdiction and Venue*

1.	Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group long-term disability ("LTD") benefits.

2.	This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3.	The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has fully exhausted all pre-litigation appeals available to him.

4.      Venue is proper in the Northern District of Illinois pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Plaintiff has established his residence in this District.

### The Parties

5.      The plaintiff, MARLUS REQUE ("Reque" or "Plaintiff"), age 58 (born in 1963), worked and lived in Arizona at all times relevant hereto preceding his relocation to Chicago.

6.      The defendant, Life Insurance Company of North America ("LINA" or "Defendant"), was, at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois, and it delivered the insurance coverage at issue to Plaintiff's employer in the State of Texas.

### Nature of the Action

7.      This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Reque seeks payment of LTD benefits due under an LTD group policy of insurance: group policy number LK980316 ("Policy"), underwritten and administered by LINA for the benefit of employees of Dell Technologies (a true and accurate copy of the Certificate of Coverage provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A").

8.      At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to his employment with Dell Technologies, Reque received coverage under the LTD Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

9.      Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant LTD Policy Provisions*

10.     The LTD Policy provides monthly disability income benefits for participants that meet the following "Definition of Disability/Disabled":

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
>
> 1.     unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and
> 2.     unable to earn more than 60% of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

Ex. A at 2.

### *Statement of Facts*

11.     Prior to August 17, 2018, Reque was successfully employed as a Technical Account Manager for Dell Technologies. However, on August 17, 2018, Reque had to cease working due to complications of diabetes which included orthostatic hypotension, Charcot arthropathy, polyneuropathy, diabetic macular edema, and gastroparesis, all of which precluded him from working.  Reque has been unable to work in any capacity since that date.

12.     Following the onset of his claimed disability, Reque applied for benefits from LINA; and his claim was approved at a rate of $4,219.34 per month, representing 60% of Plaintiff's monthly earnings.  Benefits were paid following the expiration of the 180 day elimination period between onset of disability and commencement of payment, which continued to February 16, 2021.  However, ongoing benefit payments were discontinued after that date.

13.     Concurrent with his application for long-term disability benefits, at the insistence of LINA and with the assistance of a vendor hired by LINA, Reque also successfully applied to receive Social Security Disability Insurance Benefits, which resulted in a monthly payment of $2,595.00, which coordinates with the payment due from LINA.  In order to qualify for Social Security disability payments, Reque, with LINA's assistance through its vendor, established that he was unable to engage in "any substantial gainful activity," which is the statutory definition of "disability" utilized by the Social Security Administration.  42 U.S.C. § 423(d)(1)(A).  Reque continues to receive Social Security disability benefits.

14.     Following the termination of his benefits, Reque appealed LINA's denial of his claim for LTD benefits in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. Despite the lack of improvement in Reque's condition since he initially became disabled, LINA denied Plaintiff's claim appeal based on reports obtained from biased non-examining doctors and by claim examiners who conducted a selective review of the evidence that ignored Reque's gastroparesis, failed to take into consideration all of the evidence Plaintiff submitted, and failed to apply "higher-than-marketplace quality standards" in administering his claim as is required in accordance with 29 U.S.C. § 1104 and *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 115 (2008). The denial of the claim appeal renders this matter ripe for adjudication.

15.     LINA's termination of Reque's benefits and the denial of his claim appeal was and remains against the weight of the medical and vocational evidence, including the opinions of the treating doctors, as well as the records and reports submitted to Defendant.  LINA's determinations were the product of biased claims handling that disregarded the obligations set forth in the applicable policy as well as additional claim-handling obligations LINA agreed to assume as part of a Regulatory Settlement Agreement it entered into on May 13, 2013, between

4

its underwriting companies and the insurance directors of every state in the United States, including Texas and Illinois.

16.     As a direct and proximate result of the foregoing, Reque is entitled to all accrued long-term disability benefits that are owed to him since February 16, 2021, plus interest that has accrued thereon.

### *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A.     That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled from February 16, 2021 to present;

B.     That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C.     That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and

D.     That Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

Dated: June 15, 2022                                    Respectfully Submitted,

/s/ *Mark D. DeBofsky*
*Attorney for Plaintiff*

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, IL 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)